[No. 8,451.  Department One.— September 24, 1884.]

YIK HON ET AL., RESPONDENTS, v. SPRING VALLEY WATER WORKS, APPELLANT.

CONTRIBUTORY NEGLIGENCE — PLEADING — COMPLAINT. — In an action to recover damages for negligence, the absence of contributory negligence need not be averred in the complaint.

ID. — DAMAGES BY WATER. — In an action against a water company for injuries caused by the negligence of its employees in repairing its water pipes, by which water was thrown upon the roof of plaintiff's building, and goods therein damaged, it is not contributory negligence that a scuttle in the roof of the building had been left open.

EVIDENCE — VARIANCE. — Where it is alleged in the complaint that goods damaged by water through the negligence of a water company were in the building of the plaintiff, proof that some of them were on the roof of the building is not a material variance.

ID. — OBJECTION TO EVIDENCE — APPEAL. — Where no objection is made at the trial to the admission of evidence on the ground of variance between the averments of the complaint and the evidence offered, the point cannot be taken on appeal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action for damages caused by negligence of the employees of the defendant, a corporation supplying water to the city of San Francisco, in so repairing its water pipes that a stream of water escaped from defendant's mains and was thrown upon the roof of plaintiff's building, and ran down to the rooms below and caused damage to the goods of the plaintiff which were stored therein.  It appeared in evidence, and was found by the court, that there was a hatchway or skylight on the roof of the building which was open at the time of the escape of water, and through which the water ran.  It further appeared that a portion of the goods injured were not within the building, but were placed upon the roof.

The other facts appear in the opinion of the court.

*Fox & Kellogg,* for Appellant.

*Wm. Leviston,* and *Thomas D. Riordan,* for Respondents:

McKINSTRY, J.— 1.  Plaintiffs allege in their complaint that the water which escaped from defendant's main, by reason of the negligence of its servants, was cast and fell in great quantities on the roof of their house, and thence descending to the floors below, destroyed their drugs, etc.  Appellant demurring to the complaint, contends that, as appears therein, the injury

would not have occurred if the roof of plaintiffs' house had been water tight and the scuttles therein closed; that plaintiffs, therefore, were guilty of contributory negligence. Plaintiffs were not required to aver that they were *not* guilty of contributory negligence. (*Robinson* v. *W. P. R. Co.* 48 Cal. 409.) Nor does the allegation that the water passed through the roof, or through openings in the roof, establish that plaintiffs contributed to the injury. They had the right to use their own premises for any lawful purpose. If they had placed their goods in canvas tents, this would not have relieved defendant of the consequences of its wrongful act. There was no such relation between the omission to provide means by which water would be effectually excluded from their building, and the tort complained of, as would make plaintiffs in any degree participants in the conduct which caused the damage. As has been said, "the right of a man to make free use of his property is not to be curtailed by the fear that his neighbor will make a negligent use of his." (1 Thomp. Neg. 168. See also *Fero* v. *Buffalo R. Co.* 22 N. Y. 209; and *Jefferis* v. *Phil. W. & B. R.* 3 Houst. 447.)

2. There was evidence to sustain the findings of negligence on the part of defendant, and as to the amount of damages.

3. Evidence to prove that some of the goods injured were on the roof of the house was introduced by plaintiff, without objection. The variance between the averment and the proof as to the location of the goods was not material. (Code Civ. Proc. § 470.) And no objection having been made to the evidence when offered, nor any motion made to strike out the testimony, the point as to variance cannot be taken here. (*Kiler* v. *Kimbal,* 10 Cal. 267; *Owen* v. *Frink,* 24 Cal. 171; *Boyce* v. *California Stage Company,* 25 Cal. 460; *Bell* v. *Knowles,* 45 Cal. 193; *Braly* v. *Reese,* 51 Cal. 447.)

4. It is urged that the finding that the goods destroyed were stored *in* the building is not sustained by evidence which shows that some of such goods were on the roof of the building. But the material fact that the goods were on the premises of plaintiffs was alleged and found.

Judgment and order affirmed.

McKEE, J., and Ross, J., concurred.