[No. 19024.  Department One. — March 10, 1893.]

# W. M. BOYD, RESPONDENT, v. JACQUES ODDOUS, APPELLANT.

NEGLIGENCE — KEEPING OF VICIOUS DOG — PLEADING — CONTRIBUTORY NEGLIGENCE. — A complaint in an action to recover damages, alleged to have been suffered by the plaintiff from the bite of a vicious dog owned and kept by the defendant, in consequence of the negligent manner in which the defendant kept the dog, need not negative contributory negligence on the part of the plaintiff.

ID. — CONFLICTING EVIDENCE — APPEAL. — Where the evidence in such actions is conflicting, both as to the negligence of the defendant and as to the contributory negligence of the plaintiff, a verdict in favor of the plaintiff upon both these issues will not be disturbed upon appeal.

INSTRUCTIONS — APPEAL — ARGUMENT OF COUNSEL — GENERAL OBJECTION.
— Where the court gave oral instructions, intended to cover the whole
ground of instructions asked by both parties, so far as possible, and
which, though not very perspicuous, appear to contain no error pre-
judicial to appellant, an objection, urged in the points and authorities of
counsel for appellant, merely stating "that instructions asked by ap-
pellant were proper, and that they were not covered by the court's
charge to the jury," is too general. The proper instructions said to
have been asked, and not substantially given, should have been specified
by the counsel.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial.

The facts are stated in the opinion.

*M. V. Biscailuz*, and *Gould & Stanford*, for Appellant.

*Burnett & Gibbon*, for Respondent.

VANCLIEF, C. — Action for damages alleged to have
been suffered by plaintiff from the bite of a dog owned
and kept by defendant, it being alleged that the dog
was vicious, and accustomed to bite mankind, of which
defendant had notice, and that plaintiff was bitten in
consequence of the negligent manner in which defend-
ant kept the dog.

The answer admits that defendant owned and kept
the dog, but denies all other material averments of the
complaint, and, as an affirmative defense, alleges "that
if the plaintiff had used ordinary caution," he could
have avoided coming in contact with the dog. This
seems to have been intended as an averment of con-
tributory negligence on the part of the plaintiff.

The verdict of the jury was in favor of the plaintiff,
assessing the damages at $450, according to which judg-
ment was rendered.

Defendant appeals from the judgment, and from an
order denying his motion for new trial.

1. The first and principal point urged here by counsel
for appellant is, that the complaint fails to state a cause
of action, because it does not negative contributory negli-

gence on the part of the plaintiff, and therefore that defendant's demurrer to the complaint and his motion for nonsuit should have been sustained.

No authorities are cited which tend to support this point; but the contrary doctrine seems to be firmly established in this state. (*Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 409; *Yik Hon* v. *Spring Valley Water Works*, 65 Cal. 619; *Magee* v. *North Pac. Coast R. R. Co.*, 78 Cal. 430; 12 Am. St. Rep. 69.)

2. There is no foundation in the record for the point that the court permitted evidence of special damages not pleaded, as no such evidence appears. Nor does it appear that any evidence of damage was objected to on the ground that the damage was not specially pleaded.

3. It is contended that the evidence does not justify a verdict of negligence on the part of the defendant; and if it does, that the jury should have found contributory negligence of the plaintiff.

Upon both of these issues the evidence was conflicting, and therefore the verdict as to neither should be disturbed.

4. Some very indefinite objections are made to the instructions given to the jury.

Counsel for defendant requested the giving of seven distinct instructions, which appear in the record. The plaintiff also asked instructions which do not appear. As to the instructions asked, the court said: " I have been requested by both plaintiff and defendant to give certain instructions, and have concluded to give the instructions entire by the court, covering the points that are made in these instructions, as far as possible; you can save your exceptions on both sides to the refusal of the instructions asked for, and I will charge the jury orally."

The instructions orally given cover about four and a half pages of the transcript; and, as often happens in cases of oral instructions, they are not so perspicuous as they probably would have been had they been deliberately written; but, considering them together, they seem

to be free from error prejudicial to the defendant.  As to the refusal of the court to give the seven instructions requested by defendant, counsel for appellant only say: " Here it will be seen, we think, that instructions asked by appellant were proper, and that they were not covered by the court's charge to the jury." This is too general. The proper instructions said to have been asked, and not substantially given, should have been specified by counsel. Upon an ordinarily careful reading, I have discovered none such.

I think the judgment and order should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

PATERSON, J., GAROUTTE, J., HARRISON, J.

Hearing in Bank denied.