HARRY N. AUSTIN *v.* WILLIAM H. MILLSPAUGH ET AL.

[43 South., 305.]

DAMAGES. *Measure. Loss of property. No market value. Hotel keeper. Guest.*

Where a guest's personal property, having no market value, was lost by the negligence of a hotel keeper, in whose custody it had been placed, his liability is more than nominal; a recovery may be had for the monetary value of the property to the guest.

FROM the circuit court of Lauderdale county.
HON. ROBERT F. COCHRAN, Judge.

Austin, the appellant, was plaintiff in the court below; Millspaugh and others, the appellees, were defendants there. From a judgment in plaintiff's favor for nominal damages merely, he appealed to the supreme court.

The appellant, an architect, became a guest of defendant's hotel; in doing so he placed in the custody of defendants, whose servant received the same, a package containing architectural drawings, plans and specifications for large and valuable buildings. The package, drawings, plans, etc., had no market value, but were of great value to plaintiff. The property after having been received by defendant, was lost by their negligence and the suit was for its value to plaintiff.

*Amis & Dunn,* for appellant.

In 3 American & English Encyclopedia of Law (2d ed.), pp. 584, 585, it is said, "In case of loss or injury to baggage the determining of the damages recoverable, is based upon the actual

value of the articles lost or injured at the place for which they were destined.    The value of such articles in this connection is not merely what they might have been sold for in money at public or private sale, but their value to the owner."

The measure of damages for lost baggage is its market value and interest if it have a market value; but if it has no market value, then the measure of damages is the value of its use to the owner.    See *Spooner* v. *Railroad Co.,* 23 Mo. App., 403; *Railroad Co.* v. *Farrall,* 1 Tex. Civ. App., 1253; *Railroad Co.* v. *Cook,* 2 Tex. Civ. App., 659; *Railroad Co.* v. *Warren,* 3 Wyo., 134; *Fairfax* v. *Railroad Co.,* 73 N. Y., 167, 29 Am. Rep., 119.

"In case of loss or damage to goods which have no market value and which are chiefly useful to the owner, the measure of damages is not their market value at the time and place of delivery, but their value to the owner, and such value is not to be determined by his partiality to them, nor by what he might possibly sell them for, but by the actual money loss which he would sustain by being deprived of their use at the time."    5 Am. & Eng. Ency. Law (2d ed.), 390.

In the case of *Railroad Co.* v. *Nicholason,* 61 Tex., 550, it is said: "As compensation for the actual loss is the fundamental principle upon which the measure of damages rests, it would seem that the value of such goods to their owner would furnish the proper rule upon which he could recover.    Not any fanciful price that he might, for special reasons, place upon them, nor, on the other hand, the amount for which he could sell them to others, but the actual loss in money he would sustain by being deprived of articles so especially adapted to the use of himself and his family."    See also *Railroad Co.* v. *Clarke,* 2 Tex. Civ. App., 512; *Railroad Co.* v. *Frame,* 6 Col., 382.

In *Green* v. *Railroad Co.,* 128 Mass., 221, it is held that when the portrait lost is that of the plaintiff's father it is competent for him to show that he had no other portrait of his

father; and in the case of *Railroad Co.* v. *Burke,* 55 Tex., 323, it is held that the jury, may in such cases, look to the original cost of the portrait, and the possible cost of reproducing it in estimating the damages.

In 6 Cyc., p. 532, it is said: "While the market value is usually the basis for estimating the measure of plaintiff's recovery, there are cases in which no such rule is applicable. Goods which have no market value, such as second-hand furniture, clothing, and the like, are estimated at the real value to the owner. In the case of *Mathews* v. *American Express Co.,* 138 Mass., p. 554, it is held that the measure of damages for loss of architect's plans is held to be the reasonable expense of procuring new plans.

In the case of *Louisville, etc., R. R. Co.* v. *Stewart,* 78 Miss., 600, s.c., 29 South. Rep., 394, WHITFIELD, J., speaking for this court, holds the following language: "The true rule in such cases is not to inquire as to market value, since such articles have no market value, but to show the actual value to him who owns the portrait, taking into account the cost and expense of reproducing it, and such other considerations as in the particular case effect its value to the owner." In the case of *Southern Express Co.* v. *Owen,* 41 South., 752, which was a case where the plaintiff Owen sued the Southern Express Company for the loss of a manuscript, designed to be published as a text-book, and a case singularly like the one at bar, DENSON, J., speaking for the supreme court of Alabama, holds the following language:

"Ordinarily, where property has a market value that can be shown, such value is the criterion by which actual damages for its destruction or loss may be fixed. But it may be that property, destroyed or lost, has no market value. In such state of the case, while it may be that no rule which will be absolutely certain to do justice between the parties can be laid down, it does not follow from this, nor is it the law, that the plaintiff must be turned out of court with nominal damages merely.

Where the article or thing is so unusual in its character that market value cannot be predicated of it, its value or plaintiff's damage must· be ascertained in some other rational way and from such elements as are attainable. . . . Where the article lost has no market value, the rule of damages seems then to be its value to the plaintiff; and in ascertaining this value, inquiry may be made into constituent elements of the cost to the plaintiff in producing it." See also as sustaining this view, *Howard College* v. *Turner,* 71 Ala., 429; *Cooney* v. *Pullman Co.,* 121 Ala., 368; *Jones* v. *Noel,* 98 Tenn., 440; *Masterton* v. *Mayer Brookley,* 7 Hill, 61; *Sullivan* v. *Lear,* 23 Fla., 463; 3 Southerland on Damages (3d ed.), § 919.

*Longino, Willing & Wilson,* on same side.

Let us review for a moment the leading authorities on this question, and apply them to the case in hand. The latest utterance is to be found in the case of *Cooney* v. *Pullman Co.,* 121 Ala., 368, in which the court held: "The statement of value of articles stolen or lost is the market value where they have such value, otherwise the actual loss in money the owner would sustain by being deprived of the articles especially adapted to the use of himself or family." The Alabama court cited with approval the case of *Railroad Co.* v. *Stewart,* 78 Miss., 600, in which case Chief Justice WHITFIELD, in delivering the opinion, said: "The true rule in such cases is not to inquire as to market value, since such articles have no market value, but to show the 'actual value to him who owns the portraits, taking into account the cost, the practicabilty and expense of replacing them, and such other considerations as in the particular case affect their value to the owner.' *Green* v. *Railroad Co.,* 128 Mass., 221; *International R. R. Co.* v. *Nicholson,* 61 Tex., 550; Hutchinson on Carriers, sec. 770 *b.*"

Plaintiff was clearly entitled to more than nominal damages. What was the value of the plans to him? They were certanly worth more than one dollar, the pitiful sum allowed

in this cause under the instruction of the court. All the witnesses unite in saying that to reproduce the plans and specifications which were lost would involve expenditure of talent, time and money, worth, variously estimated by them, from six hundred to eleven hundred dollars. Can it be said then that the plaintiff was entitled to recover only one dollar in this cause, when, according to the testimony of Krouse, the expert introduced by the defendant, the value of the actual time required to make these plans and specifications was reasonably worth between six and seven hundred dollars. The plaintiff testified that these plans were of value to him. Barnes, a witness on behalf of plaintiff, testified that the plans would be of value to an architect, and Krouse testified to the same effect. It is true that only one set of plans had ever been used, to-wit: the plans for the bank building. But these plans constitued the stock in trade of plaintiff, who was an architect. The plaintiff testified that plans of the kind sued for were of value to an architect in going after work. That the plans in question were original drawings and specifications, and they were made to secure work and were valuable to plaintiff as instruments of service to aid him in securing work.

*G. Q. Hall, Hall & Jacobson,* for appellees.

Plaintiff's theory seemed to be that the cost of producing the plans and specifications measured their value to him, and he testified, over defendant's objection, to an outlay of three months and three weeks' time in their preparation, and attempted to reduce that to a money basis, by testifying, and having his witnesses testify, to the customary weekly wages paid draughtsmen, and a reasonable fee for the services of an architect in supervising a draughtsman so engaged; but he admitted that he employed no draughtsman and supervising architect and did the work himself at a time when he was otherwise idle and there was no demand for his services.

On this point the rule seems to be that while cost of the prop-

erty lost or stolen is evidence to be considered in connection with other facts in determining the actual value, it is not the measure of the guest's recovery.　16 Am. & Eng. Ency. L. (2d ed.), 544.

It seems to us that this leads, irresistibly, to the conclusion that the "use" to the owner of the thing lost, is the only fair measure of the value to him.　Every statement of the measure of damages for loss or destruction of property having no market value recognizes this.　In their brief, counsel for appellant say:　"The measure of damages for lost baggage is its market value and interest, if it have a market value; but if it has no market value, then the measure of damages is the value of its use to the owner" (citing authorities); and again, "In case of loss or damage to goods which have no market value and which are chiefly useful to the owner, the measure of damages is not their market value at the time and place of delivery, but their value to the owner, and such value is not to be determined by his partiality for them nor by what he might possibly sell them for, but by the actual money loss which he would sustain by being deprived of their use at the time."　We cite the following note from 21 Am. & Eng. Railway cases, 125:　"Of course in case of the destruction or loss of goods by a carrier the amount of damages recoverable is based directly on the value of the goods lost.　This in the case of goods that have no market value is often very difficult to fix, especially where, as here, the value depends chiefly on the use to which they can be put by their owner.　The rule for estimating the value in such cases as laid down in the principal case is undoubtedly correct.　The damages recoverable is the actual loss in money the owner would sustain by being deprived of the articles adapted to the especial use for which the articles in question were adapted—not any fancy price the owner might set upon them for special reasons, nor on the other hand what they could be sold for.　*Fairfax v. New York, etc., R. R. Co.,* 73 N. Y., 167, 3 Suth. Dams., 293; Mayne's Law of Damages (3d ed.), 153, 154.

Plaintiff claimed no particular use for these plans and specifications, like the architect, in *Mathews* v. *Express Co.,* 138 Mass., 554, cited for appellant, who was clearly under necessity to provide himself with new plans and specifications in order to go on with the work in hand.   Plaintiff's only claim of use for his plans and specifications was in prospective bidding for business; but he admitted, as he had to, that this use was dependent upon several contingencies, that during his residence in Anniston he had no use for them and none since, and that, at the time of their loss, he was employed as a mere draughtsman in the office of Hull Brothers, Jackson, and had no use for them there.   Furthermore, he admitted on cross-examination, that prospective builders were influenced by pictures of the proposed buildings rather than by plans and specifications and that he still had the pictures, and that new plans and specifications had always to be prepared for work thus secured, the old plans merely furnishing a possible idea for incorporation therein.   The most that appears is that there was a possible use for these plans and specifications in the dim and distant future should a hitherto unappreciative public afford customers for the buildings therein proposed—contingency dependent upon contingency.   We submit that the possibility of such demand or use is entirely too remote to constitute a just predicate for the recovery of substantial damages against defendants, appellees, here; and we cite as applicable the following text from 5 Am. & Eng. Ency. (2d ed.), 398:   Damages cannot be recovered for the loss of profits or of any advantage that the shipper or consignee might have secured where such profits or advantage would depend upon the happening of future contingencies; they must be such as the plaintiff would have been assured or had the carrier been prompt in delivering the property carried.   Otherwise they are speculative merely and their loss cannot be considered as an element of damage.

WHITFIELD, C. J., delivered the opinion of the court.

The court below erred in refusing to give instruction No. 5

for the plaintiff as asked, which instruction is in the following words: "The court charges the jury that, in case they shall find a verdict for the plaintiff, then they should assess such damages in his favor as will, in their judgment, under all the testimony in the case, fully, fairly, and reasonably compensate him for the loss sustained; that they should not value plaintiff's property, so lost as testified about, at any fanciful or unreasonable price, nor, on the other hand, should they consider it of little or no value, because of its want of market price; but they should, as nearly as they can, from the testimony in the case, determine the reasonable, just, and fair value of the property to the plaintiff, at the time it was delivered to the defendant's porter, at the depot."

It also erred in granting to the defendant the following instruction: "The court charges the jury that, if they believe from the evidence that plaintiff's plans and specifications had no market value, and that he had put his services and other expenses into their preparation without reference to any particular job, and upon the mere chance or possibility that he might have need or use for them in soliciting work in the future, but that there has been no demand for said plans and specifications, and plaintiff had no particular use for them at the time of their loss, and was for some time after their loss not engaged in business for himself, but employed as a draughtsman by others at a salary, and there was no use or demand for them in that capacity, plaintiff can only recover nominal damages for the loss of said plans."

The true principal was definitely settled in the case of *L. & N. Ry. Co.* v. *Stewart,* 78 Miss., 600, 29 South., 394. See also, *Green* v. *Railroad Co.,* 128 Mass., 221, 35 Am. Rep., 370; *Mather* v. *Am. Express Co.,* 138 Mass., 55, 52 Am. Rep., 258; *Southern Express Company* v. *Owen,* 41 South., 752, from the supreme court of Alabama, where the court said: "Ordinarily, where property has a market value that can be shown, such value is the criterion by which actual damages for its destruc-

tion or loss may be fixed.   But it may be that property destroyed or lost has no market value.   In such state of the case, while it may be that no rule which will be absolutely certain to do justice between the parties can be laid down, it does not follow from this, nor is it the law, that the plaintiff must be turned out of court with nominal damages merely.   Where the article or thing is so unusual in its character that market value cannot be predicated of it, its value or plaintiff's damages must be ascertained in some other rational way and from such elements as are attainable. .. . .   Where the article lost has no market value, the rule of damages seems then to be its value to the plaintiff; and in ascertaining this value inquiry may be made into constituent elements of the cost to the plaintiff in producing it." See, also, as sustaining this view, *Howard College* v. *Turner,* 71 Ala., 429, 46 Am. Rep., 326; *Cooney* v. *Pullman Car Co.,* 121 Ala., 368, 25 South., 712, 53 L. R. A., 690; *Jonas* v. *Noel,* 98 Tenn., 440, 39 S. W., 724, 36 L. R. A., 862; *Masterton* v. *Mayer Brookley,* 7 Hill (N. Y.), 61, 42 Am. Dec., 38; *Sullivan* v. *Lear,* 23 Fla., 463, 2 South., 846, 11 Am. St. Rep., 388; 3 Southerland on Damages (3d ed.), sec. 919.

*Reversed and remanded.*