Donald WHEWELL, Appellee,

v.

Kenneth DOBSON and Colleen Dobson,
d/b/a Gate City Seed Co., Keokuk,
Iowa, Appellants.

No. 56539.

Supreme Court of Iowa.

March 19, 1975.

Norman & Younggren, Keokuk, for appellants.

James P. Hoffman, Keokuk, and Stanley L. Tucker, Carthage, Ill., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REES and REYNOLDSON, JJ.

MASON, Justice.

Defendant Kenneth Dobson appeals from judgment awarding plaintiff damages following trial to the court of a law action for breach of contract to purchase Christmas trees.

September 4, 1970, Donald Whewell, plaintiff-seller, and Kenneth Dobson, defendant-buyer, entered into a contract for the sale of four hundred Christmas trees. Plaintiff is an Illinois resident whose business is the wholesale, and retail sale of Christmas trees. Both Kenneth Dobson and his wife Colleen were defendants. Colleen was later dismissed as a defendant. Defendant's business in Keokuk is known as the Gate City Seed Company.

The agreed price for the trees was $3.75 apiece, or a total of $1500.00 due upon delivery on or about December 1, 1970. Sometime in the latter part of September 1970, however, plaintiff received defendant's copy of the tree order with the word "cancel" written across its face. This was followed by a letter from defendant on October 2 informing plaintiff of the desire to cancel the tree order.

The trial court found that prior to receipt of the cancelled order and the October 2 letter, plaintiff had contracted with a Michigan firm to purchase four hundred Christmas trees at $3.25 apiece. Upon receiving defendant's communications, plaintiff unsuccessfully attempted to cancel the contract with the Michigan firm, which subsequently shipped plaintiff the trees.

October 30 plaintiff's attorneys wrote defendant demanding assurances of intent to perform the contract. Defendant was given until November 6 to respond after which time plaintiff would take action to minimize his damages.

November 3 defendant's attorneys responded and advised plaintiff defendant would not be able to accept delivery, whereupon plaintiff's attorneys wrote back asking that defendant advise them if he absolutely would not accept delivery. This defendant's attorneys did November 6.

Plaintiff subsequently attempted to sell the Christmas trees and was able to dispose of 124 of them at $3.00 apiece by late December. He also sent loads to Peoria and Elgin, Illinois, but was unable to sell the trees. In these attempts, plaintiff incurred $85 in trucking expenses.

Plaintiff after alleging some preliminary facts in his petition alleged facts relating to the formation of the contract for the sale of 400 Christmas trees, defendant's repudiation of this contract, the facts constituting

the elements of his damages and prayed for judgment in the amount awarded. Defendant in answer admitted some paragraphs and denied others but did not assert any affirmative defense to plaintiff's claim.

The trial court rendered judgment for plaintiff in the amount of $1212.71 plus interest and costs.

Defendant moved for a new trial after rendition of judgment against him, arguing plaintiff waited too long in attempting to sell the trees after notification of cancellation, and that the trial court failed to consider plaintiff's acceptance of repudiation. The trial court overruled the motion citing the short Christmas tree selling season. The court reasoned that by the time plaintiff received notification of defendant's desire to cancel the contract, one-third of the time between the signing of the agreement and the delivery date had elapsed. Furthermore, the fact this contract was entered into in early September indicated other tree sale transactions would have been entered into about the same time, thus eliminating other outlets for these trees at the time of cancellation.

Defendant asserts his appeal presents six issues for review. However, examination of the record discloses some of these claimed errors were not properly preserved in the course of the trial court's proceedings for review in this court.

■ On appeal from a law action tried to the court, as here, review in this court is only on errors assigned and the matter is not triable de novo. Under this limited extent of review the findings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. If supported by substantial evidence and justified as a matter of law, they are binding on us and the judgment will not be disturbed on appeal.

■ Further, we must construe the evidence in the light most favorable to the trial court's judgment, and this court will not weigh the evidence or pass on the credibility of the witnesses.

■ However, the rule does not preclude inquiry into the question whether, conceding the truth of a finding of fact, a conclusion of law drawn therefrom is correct, nor does it apply if in arriving at a finding the trial court erred in its ruling on evidence or in other respects upon questions of law which materially affect that decision. Luddington v. Moore, 261 Iowa 641, 645–646, 155 N.W.2d 428, 431–432; Mullenger v. Clause, 178 N.W.2d 420, 426 (Iowa 1970).

I. Defendant contends the extent of plaintiff's damages is controlled by section 554.2610, The Code, and that although subparagraph a of this section allows the aggrieved party (plaintiff here) a commercially reasonable time to await performance by the repudiating party (defendant here), any delay in the resale of Christmas trees would be unreasonable as a matter of law and plaintiff is thus foreclosed from relying on this subsection.

Plaintiff agrees defendant's action in attempting to cancel his order for 400 Christmas trees constituted an anticipatory repudiation pursuant to section 554.2610 but maintains defendant's repudiation substantially impaired the value of the contract to plaintiff and gave him the right to await performance for a commercially reasonable time and to demand assurance under Code section 554.2609, since reasonable grounds for insecurity had come to plaintiff's attention with respect to defendant's performance.

At the outset, it is agreed by both parties Christmas trees are "goods" under the Uniform Commercial Code. Section 554.2105 provides:

"Definitions: transferability—'goods'—'future' goods—'lot'—'commercial unit.'

"(1) 'Goods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than money in which the price is to be paid, investment securities (Article 8) and things in action. * * * ."

Thus, Article 2 of the Uniform Commercial Code on Sales should be applied in resolving this dispute, with section 554.2610 being pertinent to the instant facts.

"554.2610 Anticipatory repudiation. When either party repudiates the contract with respect to a performance not yet due the loss of which will substantially impair the value of the contract to the other, the aggrieved party may

"(a) for a commercially reasonable time await performance by the repudiating party; or

"(b) resort to any remedy for breach (section 554.2703 or 554.2711), even though he has notified the repudiating party that he would await the latter's performance and has urged retraction; and

"(c) in either case suspend his own performance or proceed in accordance with the provisions of this Article on the seller's right to identify goods to the contract notwithstanding breach or to salvage unfinished goods (section 554.2704)."

As we understand the contentions of the parties, set out earlier, one of the questions presented for review by this appeal is whether plaintiff's effort to resell the Christmas trees was attempted within a commercially reasonable time in view of the rapid rate cut Christmas trees decline in value as shown by this record.

If there were in fact an anticipatory repudiation, plaintiff would have had the option of exercising the powers provided in section 554.2610. The Uniform Commercial Code comments discuss the doctrine as follows:

" * * * [A]nticipatory repudiation centers upon an overt communication of intention or an action which renders performance impossible or demonstrates a clear determination not to continue with performance." Comment 1, section 554.-2610.

"It is not necessary for repudiation that performance be made literally and utterly impossible. Repudiation can result from action which reasonably indicates a rejection of the continuing obligation." Comment 2, section 554.2610.

The Uniform Commercial Code comments should be given due consideration as they express the intention of the drafters. Warren's Kiddie Shoppe, Inc. v. Casual Slacks, Inc., 120 Ga.App. 578, 171 S.E.2d 643, 645.

There is substantial evidence which would support a finding a repudiation of the contract did here occur, either when defendant wrote "cancel" across the face of the instrument or when the final letter was sent stating defendant would not accept delivery of the Christmas trees. It would be more logical to conclude the repudiation came to pass at the time defendant "cancelled" the tree order as it evidenced "a clear determination not to continue with performance" or a reasonable indication of a "rejection of the continuing obligation." The trial court apparently found the repudiation occurred at the earlier date.

In fact defendant concedes in written brief and argument he repudiated the contract before the performance date—about December 1, 1970.

Under section 554.2610, " * * * when such a repudiation substantially impairs the value of the contract, the aggrieved party may at any time resort to his remedies for breach, or he may suspend his own performance while he negotiates with, or awaits performance by, the other party. But if he awaits performance beyond a commercially reasonable time he cannot recover resulting damages which he should have avoided." Uniform Commerical Code Comment 1, section 554.2610.

"Generally, a seller is under a duty to resell the article of sale within a reasonable time after breach or repudiation of the contract by the buyer. If the seller acts prudently and with reasonable care and judgment, the time of resale is, to a large extent, within his discretion. * * * [citing authorities]." Jack Richards Aircraft Sales, Inc. v. Vaughn, 203 Kan. 967, 457 P.2d 691, 697.

Section 554.1204(2) provides: "2. What is a reasonable time for taking any action depends on the nature, purpose and circumstances of such action."

" * * * What is such a reasonable time depends upon the nature of the goods, the condition of the market and the other circumstances of the case; its length cannot be measured by any legal yardstick or divided into degrees." Uniform Commercial Code Comment 5, section 554.2706. See also 67 Am.Jur.2d, Sales, section 609, page 805.

It is apparent, then, the given circumstances in a case must be taken into account in determining reasonableness. Unfortunately, there is no definite date of record indicating when plaintiff first attempted to resell. The trial transcript is singularly unhelpful. Plaintiff was asked when he began his resale attempts:

"A. I am stating I did it immediately after I received the order of cancellation and the lawyer advised me—

"Q. You started in October? A. After I got his cancellation."

Thus, such mitigation attempts may have commenced in October. A November 5 letter from plaintiff's attorneys indicates otherwise, however:

"Please advise us immediately if Mr. Dobson is absolutely unwilling to accept delivery of the Christmas trees he ordered. If so, *we will attempt* to either partially cancel Mr. Whewell's order with his grower or sell the trees to another retailer so that Mr. Whewell's losses will be minimized." (Emphasis supplied).

Plaintiff was the only witness called by either side in the course of the trial.

The trial court found:

"(6) Prior to receiving the copy of the order, or the letter of October 2, 1970, from the defendants, the plaintiff had contracted with a firm in Michigan for delivery of the 400 trees at $3.25 per tree, and after receiving the communication from the defendants he attempted to cancel the contract with the Michigan firm, but was unable to do so and the trees were shipped to him.

"(7) After receiving the tree shipment from the Michigan firm, the plaintiff attempted to sell the trees and was able to dispose of 124 of them at $3.00 each, late in December.

"(8) Although he shipped a load to Peoria, Illinois, and a load to Elgin, Illinois, the plaintiff was unable to sell them because of the lateness of the season."

The trial court did not specifically find plaintiff's attempted resale was within a commercially reasonable time under the circumstances but such finding is inherent in its conclusion plaintiff was entitled to judgment against defendant.

■ In the court's ruling on defendant's motion for new trial, it is stated by the time defendant notified plaintiff of his desire to cancel the contract one-third of the time had elapsed between the signing of the agreement and the delivery date. The trial judge then opined there would have been no market for the trees after the repudiation as the date the contract was entered into indicated other wholesalers of trees would have made arrangements at the same time.

There is substantial evidence to support the trial court's findings of fact. In this court's opinion the conclusion of law drawn therefrom by the trial court was correct.

The contentions urged by defendant in divisions I and II of his brief and argument are without merit.

II. In the third division of his brief and argument defendant contends plaintiff had a duty under the Uniform Commercial Code to mitigate his damages; plaintiff's delay under the circumstances here enhanced damages. Thus, he is limited to such damages as were feasible at the time of breach.

We have no quarrel with the general proposition the aggrieved party is required under the provisions of the Uniform Commercial Code to mitigate damages. The general rule is stated in this fashion in 3

Williston on Sales, Fourth Ed., (Squillante and Fonseca), section 24–5, page 405:

" * * * It has been and is now a well settled rule of the law of damages that no party suffering loss as the result of a breach of contract is entitled to any damages which could have been avoided if the aggrieved party had acted in a reasonably diligent manner in attempting to lessen his losses as a consequence of that breach. This doctrine is called the 'mitigation of damages' rule and is most frequently applied by the courts where an aggrieved seller has been told by a breaching or anticipatorily repudiating buyer that the buyer did not intend to fulfill his contract obligations."

Nevertheless, "where a plaintiff seeks damages for a wrongful act of defendant, plaintiff has the duty to minimize his damages, but the duty of proving that the damages could be minimized is on defendant. * * * [citing authority]. These statutes [sections 619.7 and 619.8, The Code] treat the matter of minimizing damages as a special defense which defendant must plead and prove or he is limited to circumstances growing out of plaintiff's testimony. * * [citing authority]." Nizzi v. Laverty Sprayers, Inc., 259 Iowa 112, 122, 143 N.W.2d 312, 317–318.

■ As indicated, defendant did not plead this special defense. We find no circumstances growing out of plaintiff's testimony which would enable defendant to rely on this defense in view of his failure to affirmatively plead it.

The contention presents nothing for review in this court.

III. In the fourth division of his brief and argument defendant asserts plaintiff may not recover the price under section 554.2709, The Code, since he had failed to fulfill the necessary conditions precedent.

■ A general denial in a responsive pleading will not put in issue the question of performance or occurrence of a condition precedent. Rule 98, Rules of Civil Procedure, requires defendant to specifically plead those facts relied on if he elects to assert as a defense plaintiff's failure to perform conditions precedent essential to plaintiff's recovery. Henschel v. Hawkeye-Security Insurance Company, 178 N.W.2d 409, 417–419 (Iowa 1970).

■ Defendant's contentions urged in this division were not raised in the trial court proceedings. They present nothing for review when urged in this court for the first time.

IV. Defendant asserts in the sixth division of his brief and argument plaintiff is estopped from claiming damages greater than his lost profits.

■ Ordinarily, the defense of estoppel is not available unless pleaded. While the use of those precise words is not essential, at least allegations which support the theory must appear in the defense pleading. Holi-Rest, Inc. v. Treloar, 217 N.W.2d 517, 523 (Iowa 1974). An examination of defendant's answer clearly shows the issue of estoppel was neither pled nor in effect set out in the factual allegations. Thus, the issue presents nothing for review.

V. Defendant cannot successfully maintain those contentions which this court has rejected in divisions II, III and IV, supra, were properly presented to the trial court in defendant's motion for new trial.

In that motion, defendant asserted, "the court erred in fixing the amount of recovery, that the verdict is not sustained by sufficient evidence and is contrary to law for the following reasons:

"(a) That the Court failed to properly interpret the law, to-wit: * * * [sections of the Uniform Commercial Code] * * * and, more particularly the Court failed to consider that the Sellers made no attempt to resell any trees within a commercially reasonable time; that the Court failed to consider the acceptance of the repudiation by the Seller as set forth in Paragraphs 10 and 11 of Plaintiff's Petition."

While the motion did in fact apprize the trial court specifically as to defendant's commercially reasonably time argument, nowhere do the other contentions appear nor are they evident from a reading of defendant's answer.

VI. In the remaining division of his brief and argument defendant asserts plaintiff has not shown a basis upon which he can recover lost profits under the Uniform Commercial Code.

He insists plaintiff's delay in attempting to resell precludes his resale from being either in "good faith" or "commercially reasonable."

There is substantial evidence which would support the trial court's finding on the commercially reasonable time issue.

Defendant makes further arguments in support of the contention urged in this division which we find to be without merit.

Much of what has been said in division I is applicable to defendant's contention urged in this portion of his argument.

The case is therefore

Affirmed.