IOWA POWER AND LIGHT COMPANY, Appellee,

v.

The BOARD OF WATER WORKS TRUSTEES OF the CITY OF DES MOINES, Iowa, Appellant.

No. 2–62048.

Court of Appeals of Iowa.

May 31, 1979.

John R. Mackaman and F. Richard Lyford, of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellant.

William L. Dawe, of Bradshaw, Fowler, Proctor & Fairgrave, and Barry N. Minear, of Swift Minear & Hansen, Des Moines, for appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

SNELL, Judge.

Defendant Board of Water Works appeals from judgment of the trial court awarding damages in the amount of $55,175.65 to plaintiff Iowa Power and Light. Defendant raises several points of error. We affirm.

■ This is an action at law. Our review is not de novo but is limited to errors assigned. Iowa R.App.P. 4; *Keith v. Community School Dist. of Wilton in the Counties of Cedar and Muscatine,* 262 N.W.2d 249, 255 (Iowa 1978). The findings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. Iowa R.App.P. 4; *Keith,* 262 N.W.2d at 255. Findings supported by substantial evidence and justified as a matter of law are binding and will not be disturbed on appeal. *Keith,* 262 N.W.2d at 255. However a reviewing court may inquire into whether a conclusion of law is correct or whether the trial court erred in ruling upon a question of law which materially affects the decision. *Id.*

■ I. Defendant initially maintains that the notice sent by plaintiff was inadequate under then Iowa R.Civ.P. 50 and that the trial court, therefore, did not have jurisdiction over this action. The trial court ruled that plaintiff's first filed notice was defective but that its second filed notice was valid. We agree and find that plaintiff's second notice substantially complied with the mandates of rule 50. Defendant was adequately identified, *see Thune v. Hokah Cheese Co.,* 260 Iowa 347, 353, 149 N.W.2d 176, 179 (1967), and was sufficiently apprised of the nature of the action against it despite irregularities in form. *West v. Hawker,* 237 N.W.2d 802, 805–06 (Iowa 1976).

■ II. Defendant next asserts that the trial court erred in denying its motion for judgment on the pleadings. Defendant claims that plaintiff, before filing its resistance to jury demand, had failed to timely reply to defendant's affirmative defenses and, in its resistance, had admitted that the pleadings were closed. When a party fails to reply to the facts alleged in an affirmative defense, then the factual allegations in defendant's answer are taken as true. *Lloyd E. Clarke, Inc. v. City of Bettendorf,* 261 Iowa 1217, 1219, 158 N.W.2d 125, 126–27 (1968). The granting of a motion for judgment on the pleadings may be appropriate in such a situation. 1 A. Vestal & P. Willson, *Iowa Practice* § 19.01 at 365 (1974).

■ In this case, though, plaintiff did file a reply. We do not agree with the defendant that the initial failure of plaintiff to file a reply and plaintiff's language in its resistance to jury demand jointly constituted an admission, represented a waiver, or called for the employment of the doctrine of judicial estoppel. Rather we find that plaintiff's petition, defendant's answer and plaintiff's reply raised factual issues which precluded a judgment on the pleadings. *Roth v. Bluffs City Motors, Inc.,* 186 N.W.2d 634, 636 (Iowa 1971). The trial court properly denied defendant's motion.

■ III. Defendant also maintains that this action by the plaintiff is barred by plaintiff's failure to comply with the notice requirements of § 613A.5, The Code 1973. This contention is without merit. Written notice as required by § 613A.5 was sent directly to defendant Water Works by Iowa Power, the party contemplating legal action. *Contrast* case at bar *with Shearer v. Perry Community School Dist.,* 236 N.W.2d 688, 693–94 (Iowa 1975) (oral notice does not satisfy § 613A.5's requirement of written notice) *and Rush v. Sioux City,* 240 N.W.2d 431, 437 (Iowa 1976) (a police officer's written report does not constitute notice under § 613A.5 which requires claimants to inform municipalities of possible suits.) The primary purpose of § 613A.5 is to provide a method for prompt communication of the time, place and circumstances of an injury so that a municipality can investigate while the facts are fresh and settle early those claims it deems to be meritorious. *Lunday v. Vogelmann,* 213 N.W.2d 904, 907–08 (Iowa 1973).

■ Here the notice sent to defendant Water Works by plaintiff Iowa Power was well-calculated to serve the basic purposes of the statute. Although when notice was sent counsel for Iowa Power may have been unaware of the fact that Water Works and the City of Des Moines are separate entities, Water Works knew when it received notice that it, and not the City, would be the proper party to defend in this action.

*Compare* case at bar *with Cook v. City of Council Bluffs,* 264 N.W.2d 784, 791 (Iowa 1978). The notice requirement of § 613A.5 was substantially complied with.

IV. Defendant further asserts that the trial court erred in finding it liable under the doctrine of liability without fault, or strict liability, announced in *Lubin v. City of Iowa City,* 257 Iowa 383, 389–93, 131 N.W.2d 765, 769–771 (1965). Defendant contends that *Lubin* is inapplicable to the present case and that the appropriate theory to be applied is negligence. We disagree.

■ The Iowa Supreme Court premised its *Lubin* decision on a theory of liability without fault primarily because of the nature of the activity engaged in by the city. The court states: "It is neither just nor reasonable that the city engaged in a proprietary activity can deliberately and intentionally plan to leave a watermain underground beyond inspection and maintenance until a break occurs and escape liability." *Lubin,* 257 Iowa at 390–91, 131 N.W.2d at 770. While the court further bolstered its opinion by stating that a major enterprise whose activity causes damage to another through no fault of either is in a better position to bear the burden of the loss than is the individual sufferer, *Lubin,* 257 Iowa at 391–92, 131 N.W.2d at 770–71, *Lubin* cannot be read as inferentially holding that when two parties are of near equal ability to bear a loss, recovery should be had on a negligence theory only. In this case, testimony shows that Water Works protects against broken water mains primarily by using good construction techniques and materials; mains normally are not inspected. Water Works, the party best able to prevent against damaged water mains, accepted the advantages of lower maintenance costs. *Lubin,* 257 Iowa at 392, 131 N.W.2d at 771. Consequently, as in *Lubin,* Water Works should bear the risk of loss for damage caused by those mains which leak or break, although through no fault of its own. Water Works is an enterprise engaged in an activity which will most likely result in the invasion of the property of another and, as

between even these two parties which are in relatively equal economic positions, Water Works should be liable for losses caused by this activity. *Lubin,* 257 Iowa at 393, 131 N.W.2d at 771.

■ Because the nature of the activity engaged in by the enterprise is the crucial element in determining whether the doctrine of strict liability should be applied, the fact that Iowa Power was reimbursed for most of its losses by its insurance company and the fact that taxpayers who pay for the services of Water Works are the same customers who pay for the services of Iowa Power are both irrelevant to this particular issue. The trial court's application of the doctrine of strict liability was proper.

V. Defendant next claims that plaintiff was contributorily negligent in storing its records in non-waterproof containers in the basement of a building located in a low river area, that plaintiff's negligence was the proximate cause of the loss suffered by it, and that recovery by Iowa Power is consequently barred. Again, we disagree.

■ Generally questions of contributory negligence and proximate cause are for the trier of fact to determine, Iowa R.App.P. 14(f)(10); *Grall v. Meyer,* 173 N.W.2d 61, 63 (Iowa 1969). A reviewing court will overturn a trial court's determination of lack of negligence and proximate cause only if these can be established as a matter of law. Iowa R.App.P. 14(f)(10); *Stanley v. State,* 197 N.W.2d 599, 604 (Iowa 1972); *Grall,* 173 N.W.2d at 63.

■ We cannot say that as a matter of law Iowa Power had a duty to anticipate damage resulting from the activities of another and to select its storage facilities accordingly. See *Rainier Heat & Power Co. v. City of Seattle,* 113 Wash. 95, 104, 193 P. 233, 236 (1920). Nor can we say that Iowa Power's lack of compliance with a Federal Power Commission regulation on protection of records against floods constituted negligence as a matter of law. While it is true that an individual's violation of certain statutes and administrative regulations constitutes negligence or negligence per se, *e. g.,*

*Koll v. Manatt's Transportation Co.,* 253 N.W.2d 265, 270 (Iowa 1977); *Kisling v. Thierman,* 214 Iowa 911, 915, 243 N.W. 552, 554 (1932), it does not follow that the failure to comply with the mandates of any statute or regulation is negligence. *See Lewis v. State,* 256 N.W.2d 181, 188 (Iowa 1977). In this case, the FPC regulation is designed to protect against damage to records resulting from natural flooding, not damage caused by leaking or broken water mains. *Id.* Iowa Power's failure to comply with this particular regulation did not constitute negligence as a matter of law.

■ Furthermore, we cannot say that, as a matter of law, plaintiff's acts or failure to act were the proximate cause of the injury suffered. *Oakleaf Country Club Inc. v. Wilson,* 257 N.W.2d 739, 746 (Iowa 1976). It is not blatantly apparent that any act or failure to act by plaintiff was a substantial factor in bringing about its harm. *Id.* Compare case at bar *with Werner v. City of Cincinnati,* 13 Ohio Cir.Dec. 475, 476, 3 Ohio Cir.Ct.N.S. 276, 277 (1902), *aff'd mem.* 70 Ohio St. 455, 72 N.E. 1166 (1904) and *Yik Hon v. Spring Valley Water Works,* 65 Cal. 619, 620, 4 P. 666, 666 (1884). No basis for reversal exists on this issue.

■ VI. Defendant next contends that plaintiff is unable to recover damages since it proved neither market value nor actual value of the damaged property. Defendant cites *State v. Urbanek,* 177 N.W.2d 14, 16–17 (Iowa 1970), where the Iowa Supreme Court stated:

> The general rule in Iowa for repairs or for replacement is the fair and reasonable cost of replacement or repair, but not to exceed the value of the property immediately prior to the loss or damage. . . . [I]f the property is repairable and the cost of repairs exceeds the market value, (or in the event no market value can be established, the real or actual value) recovery is limited to such before-accident value.

The *Urbanek* court further states that a plaintiff who is unable to prove either market value or actual value is required to show that the repairs did not restore the property to a better condition than before the damage. *Id.* at 16. The *Urbanek* rule comports with the general principle that no injured party should receive more than has been lost as a result of another's wrongdoing. *Adams v. Deur,* 173 N.W.2d 100, 105 (Iowa 1969). Rather, damages are awarded to place the injured party in the same position as he would have been had there been no injury. *Dealers Hobby, Inc. v. Marie Ann Linn Realty Co.,* 255 N.W.2d 131, 134 (Iowa 1977).

■ In this case, the records involved clearly possessed no market value. In proving actual value, a wide range of facts and circumstances may be shown. *Schiltz v. Cullen-Schiltz & Associates, Inc.,* 228 N.W.2d 10, 19 (Iowa 1975). Almost invariably, actual value is measured by the cost of replacement with proper allowances made for depreciation, usage and age. *Id.*

■ The value of these records is intrinsic in nature and measured on the basis of their importance to Iowa Power. *See Austin v. Millspaugh & Co.,* 90 Miss. 354, 361–62, 43 So. 305, 306 (1907); *Southern Express Co. v. Owens,* 146 Ala. 412, 426, 41 So. 752, 755–56 (1906). Certainly it cannot be said that the intrinsic value of the records increased because of the restoration procedures used by Iowa Power. As a result, the commonsense solution to the question of damages is to say either that actual value in this case equals restoration costs or that actual value cannot be determined and that restoration costs are the appropriate measure of damages. To find either way in no way negates the Iowa rule of damages stated above. Specific rules relating to damages are subordinated to the general rule of compensation for loss. " '[A] given formula is improvidently invoked if it defeats a commonsense solution'." *Dealers Hobby,* 255 N.W.2d at 134. Recovery by the plaintiff is not barred.

VII. Defendant further asserts that plaintiff's claim for damages is barred because it failed to minimize its damages. Defendant essentially maintains that plaintiff acted unreasonably in restoring records

which are rarely used and which are basically unnecessary to its operation and in failing to apply to the FPC for relief from retention of records prematurely destroyed.

■ A plaintiff seeking recovery for the cost of damages caused by the wrongdoing of another has a duty to minimize its damages. *Whewell v. Dobson*, 227 N.W.2d 115, 120 (Iowa 1975); *Nizzi v. Laverty Sprayers, Inc.*, 259 Iowa 112, 122, 143 N.W.2d 312, 317–18 (1966). But the duty of proving plaintiff's failure to minimize damages is on the defendant. *Whewell*, 227 N.W.2d at 120; *Nizzi*, 259 Iowa at 122, 143 N.W.2d at 318. Minimizing damages is a special defense which must be pled and proved or defendant is limited to circumstances growing out of plaintiff's testimony. *Whewell*, 227 N.W.2d at 120; *Nizzi*, 259 Iowa at 122, 143 N.W.2d at 318; §§ 619.7–619.8, The Code 1973.

■ Here, defendant failed to plead minimization of damages as a special defense. Furthermore, in viewing plaintiff's testimony we find that substantial evidence exists to support the trial court's conclusion that restoration efforts by Iowa Power, resulting in a cost of $55,175.65, were fair and reasonable. Recovery is not barred.

VIII. Defendant finally asserts that plaintiff cannot recover for its loss to the extent that it was reimbursed by its insurance company. Plaintiff insurer paid $49,-888, leaving $5287.65 unreimbursed to plaintiff. Defendant bases its claim on two grounds: that Iowa Power cannot recover twice or that subrogation is not allowed in a case where recovery is based on a strict liability, no fault concept as opposed to a negligence, fault concept.

■ The Iowa Supreme Court, in addressing a real party in interest issue, has stated:

"Damages recoverable for a wrong are not diminished by the fact that the party injured has been wholly or partly indemnified for his loss by insurance effected by him, and to the procurement of which the wrongdoer did not contribute; and this is equally true though the insurance company, by reason of having paid the loss, is entitled to be subrogated to the rights of the insured as against tort-feasor, or to recover back from him the amount he recovers. The question who will be entitled to the proceeds of the recovery, the insurer or the insured, is a matter between them, and constitutes no defense to an action for the damages caused by the wrong which, in any event, must be brought in the name of the insured owner although it might be for the use of the insurer."

*Grings v. Great Plains Gas Co.*, 260 Iowa 1309, 1320, 152 N.W.2d 540, 546 (1967). While the issue in *Grings* is different from the one raised here, its language shows that the party deemed liable in a legal action is required to pay regardless of whether the plaintiff had recovered payments from its insurance company. Defendant's double recovery argument is without merit.

But defendant also cites authority for the proposition that subrogation is unavailable in those cases where the party against whom subrogation is sought is not a wrongdoer. Defendant claims that because Water Works is held liable under strict liability and not negligence, it technically is not a wrongdoer and, therefore, subrogation is improper. We disagree.

Defendant primarily relies upon cases involving riot statutes, whereby a city agrees to pay for the cost of damages suffered by its citizens as a result of riots. *A & B Auto Stores of Jones St., Inc. v. City of Newark*, 59 N.J. 5, 279 A.2d 693 (1971); *Interstate Fire and Casualty Co. v. City of Milwaukee*, 45 Wis.2d 331, 173 N.W.2d 187 (1970); *American Insurance Co. v. City of Milwaukee*, 51 Wis.2d 346, 187 N.W.2d 142 (1971). In those cases, the city acts as a general insurer. So called "riot insurance" was made necessary since damage in riots was usually suffered by the ghetto poor and since insurance companies either refused to insure against riots or increased rates substantially. *See generally* Note, *Riot Insurance*, 77 Yale L.J. 541, 541–43 (1968). Individuals could recover from the city even though the city had performed impeccably

to prevent the riot. But insurance companies could not be subrogated to the rights of its insureds who had a right of recovery from the city since the city was not a wrongdoer and since taxpayers paying the cost of recovery for individual citizens should not be expected to pay twice.

The situation here is substantially different from that of recovery under a riot insurance ordinance. Because of the nature of the activity which Water Works engages in, it has been deemed strictly liable for damage that may result. Application of this theory does not make Water Works a general insurer. *See* Calabresi & Hirschoff, *Toward a Test for Strict Liability in Torts,* 81 Yale L.J. 1055, 1056 (1972). Rather, Water Works is strictly liable to those parties who suffer a loss due to its leaking water mains since Water Works is in the better position to weigh the risk of either preventing against such leaks or of waiting until such leaks occur. *See id.* at 1065. Water Works accepted the advantages of lower maintenance costs and now it must accept liability for the risk that it took.

Consequently, defendant is a tortfeasor since it is liable in tort under the doctrine of strict liability. Subrogation of an insurer to the rights of its insured is not precluded.

 Furthermore, we cannot agree that since taxpayers are also consumers of Iowa Power, subrogation is improper because these same people must pay twice. It simply is a reality of modern economic life that most people contribute in some small way to the existence of many organizations. Adoption of defendant's theory would have untold far-reaching effect and would not, in most cases, best serve the interest of justice.

For all the reasons stated above, judgment is affirmed.

AFFIRMED.