TAMPA ELECTRIC COMPANY, *Plaintiff in Error,* v. LUELLA FERGUSON and Her Husband, CHARLES W. FERGUSON, *Defendants in Error.*

Division A.

Opinion filed August 1, 1928.

*Knight, Thompson & Turner*, for Plaintiff in Error;

*E. L. Bryan*, for Defendants in Error.

ELLIS, C. J.—On the ninth of July, 1919, there was a "head on collision" between two street cars of the Tampa Electric Company. Both cars were damaged by the impact. In one of them were several passengers on their way to Tampa. No one seemed to have sustained any injury except Luella Ferguson and her husband, who were passengers. The former complained immediately after the accident of a slight injury to her right arm and leg and said that her head also must have been struck by something as the hat she was wearing had a slight crease in it.

On the 3rd of July, 1922, nearly three years after the accident, Mrs. Ferguson joined by her husband commenced an action against the Tampa Electric Company for damages for personal injuries. In the declaration she alleged that as a direct and proximate result of the accident she received severe blows upon the head, right arm, right side in the region of her hips and other portions of her body; that she was injured "about the abdomen and in and about the spinal cord and right arm, and her back, head, abdomen, right arm and hip were greatly contused, and she suffered severe nervous shock, and her mind became impaired and seriously injured, and she was injured both internally and externally, and she was otherwise greatly hurt, bruised, wounded and injured and became therefrom sick, sore, lame and disordered and will be sick, sore, lame and disordered the remainder of her natural life." She also alleged that

she was compelled to have an operation performed on her right arm; that she has been advised that an operation on her skull is advisable, if not necessary, to afford relief; that has recurrent attacks of epilepsy and paralysis and in all probability will continue to have such attacks during the remainder of her natural life; that she has become a permanent victim of a nervous disorder known as traumatic neuresthenia, traumatic neurosis or traumatic hysteria and that she has been prevented from attending to and transacting her usual and ordinary affairs and duties, etc. She claimed one hundred thousand dollars damages. There were two counts to the declaration, each containing substatially the same allegations as to the accident, injury and damages.

The defendant pleaded not guilty and the parties went to trial. There was a verdict for the defendant. A motion for a new trial was granted and the Tampa Electric Company took a writ of error to the order granting a new trial.

There was no evidence to support the finding that the collision between the street cars did not occur, nor was there any evidence to show that the incident was without negligence of the company or its employees. There was ample evidence to support the finding that the plaintiff sustained no substantial injury whatsoever from the accident; that whatever injury she sustained to her arm, if any at all, was very slight, as was the blow on the head and other alleged bruises upon the body. There was no evidence to sustain a finding that her present nervous or paralytic condition is in any degree traceable to any injury she received in the accident.

The doctrine of nominal damages obtains in this State. If the declaration makes a case entitling the plaintiff to any recovery whatever, though it be only nominal damages, it is not demurrable. See Western Union Tel. Co. v. Mil-

ton, 53 Fla. 484, 43 So. R. 495; Williams v. A. C. L. R. Co., 56 Fla. 735, 48 So. R. 209, 24 L. R. A. (N. S.) 134, 131 Am. St. R. 169; Wynn v. Atlantic Coast Line R. Co., 66 Fla. 604, 64 So. R. 232.

The plaintiff established by her declaration and the evidence a cause of action but failed to show any substantial damages resulting from the accident and the alleged injury received.

It is true that when a motion for a new trial is granted by the circuit court the presumption is that it was properly granted and a strong showing is required to reverse such an order. Hainlin v. Budge, 56 Fla. 342, 47 So. R. 825; Cheney v. Roberts, 77 Fla. 324, 81 So. R. 475.

The motion for a new trial contained ten grounds. Only those grounds attacking the verdict as unsustained by the evidence are discussed. There appears to be no merit in those grounds of the motion not discussed.

There was conflict of testimony between the plaintiff and her husband on one side and witnesses who testified for the defense on the other, but we think that upon the question of the casual relation of the accident and injury there sustained to her present nervous or paralytic condition, which seemed to constitute the only basis of her claim to damages, the evidence greatly preponderated in favor of the verdict to the point where the granting of a new trial on the question was an abuse of discretion. That there was evidence that the plaintiff did sustain some slight injury to her body and that such evidence was not so completely overcome as to render a verdict for damages on that score improper is also true, however there was no evidence of the amount of such damages. But as a wrongful invasion of a legal right was alleged and proved there should have been a judgment for the plaintiff for nominal damages.

Under the provisions of Sec. 2918 Rev. Gen. Stats. 1920, this Court is directed to reverse or affirm the judgment, sentence or decree of the trial court or to give such judgment, sentence or decree as the court below ought to have given, or as it may appear according to law.

It is therefore considered and ordered that the order granting a new trial be and the same is hereby reversed and that a judgment *non obstante veredicto* be entered for the plaintiff for nominal damages.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.