DOLLIE SULLIVAN MACGREGOR, Appellant, v. M. S. HUNTINGTON WATTS, Respondent.— The plaintiff was the author of two manuscript plays, at least one of which had been copyrighted. She delivered these manuscripts to the defendant for the purpose of producing them as plays. For the purposes of this action for conversion, it is stipulated that the defendant lost these manuscripts and failed to return them to plaintiff on demand. After one of the plays had been copyrighted the plaintiff made certain additions, changes and alterations in the dialogue and structure of the play in the manuscript delivered to the defendant, but had no copy. The complaint was dismissed on the ground that there is no measure of damages to be applied to the plaintiff's loss and that she is entitled to nominal damages only. Obviously the plaintiff would be put to some expense in obtaining a copy of the copyrighted book. Further than that, she is entitled to recover damages even though she may be unable to establish market value. It is recognized by the courts and by text writers and in digests that a wrongdoer or one who breaches a contract may not escape liability simply because there is no market value or none of the ordinary standards for measuring the damages. The usual rule applied in cases of wearing apparel, household goods, family portraits, heirlooms and other property not possessing market value, is that the value of the commodity for which one person is responsible to another is its value to the owner, determined by considering all of the circumstances in a rational way and assessing damages through the exercise of good sense and judgment by the triers of the facts. In this process all sentimental or fanciful values are eliminated and disregarded. As a result there may be either nominal or substantial damages. (*Jones* v. *Morgan*, 90 N. Y. 4, 10, 11; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 id. 205, 209; *Barnes* v. *Brown*, 130 id. 372, 382, 383; *Industrial & General Trust, Ltd.*, v. *Tod*, 180 id. 215, 231; *Lake* v. *Dye*, 232 id. 209, 214; *Central Trust Co.* v. *West India Improvement Co.*, 144 App. Div. 560; *Heald* v. *Macgowan*, 15 Daly, 233, 236; *Taft* v. *Smith, Gray & Co.*, 76 Misc. 283; 4 Sutherland Damages [4th ed.], §§ 1117, 1099; McCormick Damages, p. 174 *et seq.*; 17 C. J. 907–909; 65 id. 133–135; 8 R. C. L. pp. 487, 489; 26 id. pp. 1148–1150.) Order and judgment reversed on the law, with ten dollars costs and disbursements, and matter remitted to Trial Term, Westchester County, pursuant to the terms of the stipulation. Lazansky, P. J., Carswell, Davis, Adel and Close, JJ., concur.