BETH JACOB OF BORO PARK, Plaintiff, *v.* MORGEN APPLIANCES, INC., Defendant.

City Court of the City of New York, Special Term, Kings County, October 19, 1949.

*Milton Leonard* for defendant.

*Ellis Levy* for plaintiff.

SABBATINO, J. The defendant moves to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

The facts are as follows: The plaintiff, a religious corporation, entered into an agreement with the defendant whereby plaintiff purchased a number of pairs of candlesticks which the defendant agreed to mail on behalf of the plaintiff to persons designated on a list furnished by the plaintiff.

It is the contention of the defendant that the allegations of the complaint with reference to the damage suffered by the plaintiff are illusory and speculative and that a court or jury could not fix a fair measure of damage to the plaintiff. The court is not in accord with defendant's contention. The law is well settled " that a wrongdoer * * * may not escape liability simply because there is * * * none of the ordinary standards for measuring the damages ". (*MacGregor* v. *Watts,* 254 App. Div. 904.) The case of *Alexander's Dept. Store* v.

*Ohrbach's, Inc.* (269 App. Div. 321) states very well the rule as to the measure of damages on pages 328 and 329. What may develop on the trial as to proof of damages is another matter, but as to the present wording of the complaint, the allegations must be construed broadly and literally and are assumed to be true. (*Condon* v. *Associated Hosp. Service of N. Y.*, 287 N. Y. 411.)

As to the contention that the plaintiff is a religious corporation and as such has no authority to engage in a business for profit, it too must fall, since a religious corporation may engage in enterprises which are incidental to the maintenance and upkeep of the religious corporation.

The assets of a religious corporation do not belong to any one individual or group but to the spiritual body under whose influence and guidance the individuals act, teach and inculcate the word of God, as trustees. These trustees fulfill their task through the status of a religious corporation, which has been created by the State and consequently becomes an artificial entity and limited in its powers to such as are expressly given to it by law or necessarily incidental to powers so conveyed. The powers of religious corporations with respect to the handling of their funds are expressly set forth in section 5 of the Religious Corporations Law. Enterprises such as referred to in the instant complaint cannot be placed in the category of profit-making.

Mr. Justice A. DAVID BENJAMIN of this court, in a well written opinion in *Bowman* v. *Bloomfield Management* (195 Misc. 192, 196) distinguished *ultra vires* acts and those which further the intendment of the church corporation. He states, "Accordingly, a truly liberal construction of the section requires appropriate limitation upon the powers of the corporate trustees so that the spiritual and social objectives of the congregation may not be aborted by dissipation of its funds through speculative investments."

Can the sale of candlesticks by the plaintiff for the purpose of maintaining its secular classes be placed under the classification of "profit-making"? The court is of the opinion that the plaintiff was not acting outside the scope of section 5 of the Religious Corporations Law.

Accordingly, the motion to dismiss the complaint is denied.