WALDEN, Judge.
This is a personal injury action resulting from a collision between two automobiles. It occurred on a four lane avenue. The operators, the individual plaintiff and defendant, approached the collision point from opposite directions. Defendant made a left turn into an intersecting street, which turn took defendant’s vehicle across the plaintiff’s lanes of travel. Time and speed sequences being what they were, plaintiff’s vehicle struck defendant’s vehicle *68 and the usual negligence and contributory negligence charges ensued.
The trial court granted a directed verdict during the trial course in favor of plaintiff as to the liability issues. Defendants appeal. We reverse.
The events occurred at noon on an inclement day. The heavy rainfall necessitated the use of car lights and windshield washers and caused a heavy accumulation of rainfall upon the roadway.
Without undertaking to recreate all the testimony, defendant said plaintiff’s vehicle was about one block away when she began a slow turn. Plaintiff testified that she saw defendant’s vehicle before it turned, but did not see it or its turning light beams until immediately before the impact. Plaintiff was traveling 25 miles per hour. She said she braked immediately before impact, but there were no skid marks. After the collision she apologized for striking defendant’s vehicle and explained that she had not seen it.
There was testimony that defendant’s windshield was fogged up and that she stated such was the reason she had not seen plaintiff’s vehicle. Defendant denied it.
Simply stated, the liability issue (the negligence of the defendant and the contributory negligence of the plaintiff) should have been decided by the jury and not the trial judge. It is too well known to require specific citations of authorities that the authority to direct a verdict should be exercised with caution because otherwise there is an invasion by the court of the province of the jury contrary to constitutional guarantee. Further, the trial judge may not pass upon witness credibility or weigh the evidence. And the movant in such case admits all of the facts shown in the evidence and every reasonable inference favorable to the adverse party. Without laboring these well known principles further, it is enough to say, see 32 Fla.Jur., Trial, § 83 et seq.
 Just to highlight, at the very least there was enough evidence and inferences as would warrant the jury in finding that the plaintiff herself was guilty of contributory negligence which proximately caused or contributed to cause the collision as would bar her recovery. In light of the inclement weather conditions and heavy rainfall which severely restricted visibility and caused motorists to turn on their lights at noon time, the jury could have found that the plaintiff was guilty of negligence in failing to keep a proper lookout and to have her car in control when she failed to see the slow-turning defendant’s vehicle, failed to brake, and when she traveled at the speed of 25 miles per hour, which was excessive under the circumstances. They could have found that, had she .kept such lookout and traveled at a slower rate, she would have seen the defendant as she maneuvered and been able to have braked or to have turned her vehicle into another course and thereby avoided the collision and her own damages.
Further, the jury should determine the defendant’s negligence vel non. It could have assessed the evidence to the effect that the sole proximate cause of the collision was the plaintiff’s conduct, or, that defendant’s conduct was not the proximate cause of the crash.
All aspects considered the liability issues should have been submitted to the jury and it was reversible error not to do so. Tooley v. Margulies, Fla.1955, 79 So.2d 421; Dambakly v. Mason, Fla.App.1967, 194 So.2d 35; Mele v. Summers, Fla.App.1959, 113 So.2d 254.
Appellant’s second point challenges the jury award of damages in the sum of $30,-000. We find no error or basis for remit-titur or reversal.
*69 The directed verdict in favor of plaintiff as concerns liability is reversed and the cause remanded for a new trial on the liability issues only.
Affirmed in part and reversed in part.
MAGER, J., concurs.
MELVIN, WOODROW M„ Associate Judge, dissents with opinion.