356 So.2d 930 (1978)
Dorothy KING, Appellant,
v.
Cecil SAUCIER et al., Appellees.
No. 77-1405.
District Court of Appeal of Florida, Second District.
March 29, 1978.
Thomas Montgomery, Belle Glade, for appellant.
Neal J. Dunn, Clewiston, for appellee Saucier.
George L. Harrell, II, of Luckey & Harrell, LaBelle, for appellee Conklin.
PER CURIAM.
In this action for conversion, the trial judge granted a motion for a directed verdict in favor of the appellees/defendants, finding, as a matter of law, that appellant/plaintiff had failed to establish any damages. We agree with appellant, plaintiff below, that the trial judge erred in so ruling and we reverse.
At trial, the appellant's evidence established that appellee Saucier hired appellee Conklin to tow appellant's car away from her place of employment and that Conklin did so. Saucier admitted hiring Conklin, but claimed that he had a lien on appellant's *931 car because he had done repair work on it and appellant had not paid him. Appellant, however, claimed that she had paid Saucier for the repair work.
After appellant rested her case, appellees moved for a directed verdict, arguing, as they argue here, that appellant had not presented sufficient evidence to prove compensatory or punitive damages. The trial court agreed with them and granted their motion.
In the posture this case arrives here, we find it unnecessary to reach the question whether appellant did establish compensatory or punitive damages because we hold that, on the evidence presented in her case in chief, appellant was entitled to at least nominal damages. Although we have found no cases in Florida which deal with the question of nominal damages in a conversion suit, it is clear the general rule in this state is that where a plaintiff shows the invasion of a legal right, he may recover at least nominal damages. Hutchinson v. Tompkins, 259 So.2d 129 (Fla. 1972); Cason v. Baskin, 159 Fla. 31, 30 So.2d 635 (1947); Tampa Electric Co v. Ferguson, 96 Fla. 375, 118 So. 211 (1928). Moreover, courts in other states have specifically ruled that nominal damages are available in actions for conversion. Stevenson v. Economy Bank of Ambridge, 413 Pa. 442, 197 A.2d 721 (1964); MacGregor v. Watts, 254 App. Div. 904, 5 N.Y.S.2d 525 (1938); 18 Am.Jur.2d Conversion Section 93 (1965).
In looking at appellant's case, we believe that the evidence was such that a jury could have found an invasion of appellant's rights by conversion which could serve as the basis for an award of nominal damages. Conversion is defined as a wrongful taking of personal property with intent to exercise an ownership which is inconsistent with the real owner's right of possession. Wilson Cypress Co. v. Logan, 120 Fla. 124, 162 So. 489 (1935). In the case at bar, if the jury believed appellant's testimony, it could find that there was such a taking and, therefore an invasion of appellant's rights. Consequently, it was error for the trial judge to keep this case from the jury as he did when he directed a verdict for appellees.
Accordingly, we reverse the judgment of the lower court and remand the case for a new trial on all issues.
GRIMES, A.C.J., and SCHEB and DANAHY, JJ., concur.