GLICKSTEIN, Judge,
concurring in part and dissenting in part:
As the majority points out this litigation arose out of an agreement to transfer a telephone answering service from one location in Broward County to another in said county. A jury awarded Southern Bell $1200 on its complaint, but also awarded Brooks[1] $200,000 in compensatory damages jointly and $1,000,000 in punitive damages, $500,000 severally, against Southern Bell and Western Electric on the second amended counterclaim and third party complaint, respectively. Following the trial the late Judge L. Clayton Nance entered an order, granting the motion of Southern Bell and Western Electric for judgment in accordance with their motions for directed verdict. The order said in pertinent part:
[W]here there is work properly done, service uninterrupted, no payment of any kind, no reliance or change of position, no loss of credit or reputation, no abuse of process, no actual damage of any kind shown by the testimony or evidence, an award of any kind cannot stand.
I commence my discussion of this matter by noting that this court has recognized:
It is too well known to require specific citations of authorities that the authority to direct a verdict should be exercised with caution because otherwise there is an invasion by the court of the province of the jury contrary to constitutional guarantee. Further, the trial judge may not pass upon witness credibility or weigh the evidence. And the movant in such case admits all of the facts shown in the evidence and every reasonable inference favorable to the adverse party. Without laboring these well known principles further, it is enough to say, see 32 Fla.Jur., Trial, § 83 et seq.
Lupoletti v. Miller, 269 So.2d 67, 68 (Fla. 4th DCA 1972).
Brooks’ position is that there was evidence of violation of duties prescribed by statutes, rules and tariffs, that proof of such violations entitled them to nominal damages, and that an award of nominal damages would support an award of punitive damages. First, they allege that there was evidence that Southern Bell overcharged them in the move, that the man-hours claimed by the utility were grossly excessive, and that transportation costs were padded. They point out that the move was to be based on Southern Bell’s actual cost — not estimated cost, and that the utility’s general manager in his letter to them dated December 8, 1972, expressly said, “It is my understanding that you have elected to proceed on a ‘keep cost’ or accrued charges basis rather than accept our estimate.” They further claim that Southern Bell’s Administrative Rate Practices Supplement as well as the General Exchange Tariff, Section 20, 14th revised sheet, effective January 21, 1972, and the General Exchange Tariff, Section 12, 4th revised sheet, effective September 7, 1960, provided that the move of answering systems be on a cost basis. Finally, they point to Sections 364.08 and 364.21, Florida Statutes (1971), as making it unlawful and felonious for any telephone company to charge rates other than those specified in the tariffs on file.
*3 Second, Brooks alleges that there was evidence that Southern Bell never furnished them with an itemized bill for the move. They point out that Rule 25 — 4.107 of the Rules and Regulations of the Public Service Commission specifically provided that upon request of any customer “each company shall provide an explanation for the rates, charges and provisions applicable to the service furnished or to be furnished such customer,” and that Rule 25-4.110 made it the duty of the telephone company to comply with the customers’ reasonable request “for an itemized statement of charges.”
Florida courts consistently have held that a statute, ordinance or regulation creates a duty for the benefit of at least those members of the class of persons it was intended to protect, and a violation of said duty constitutes at least prima facie evidence of negligence.[2] Although most cases that arise from a breach of the duty involve damages for personal injury or death, this does not preclude an action exclusively for pecuniary loss or for vindication of an invasion of a legal right. In fact, in Rosenberg v. Ryder Leasing, Inc., 168 So.2d 678 (Fla.3d DCA 1964), the court held that a statute, which imposed criminal sanctions for the wrongful removal and disposal of mortgaged personalty, created a duty for the benefit of the mortgagee. A cause of action arose by virtue of an alleged violation of the statute. Further, in Girard Trust Company v. Tampashores Development Company, 95 Fla. 1010, 1015-16, 117 So. 786, 788 (1928), the supreme court said:
Where a statute requires an act to be done for the benefit of another or forbids the doing of an act which may be to his injury, though no action be given in express terms by the statute for the omission or commission, the general rule of law is that the party injured should have an action; for, where a statute gives a right, there, although in express terms it has not given a remedy, the remedy which by law is properly applicable to that right follows as an incident.
See also Mobile American Corp. v. Southern Bell Telephone & Telegraph Co., 282 So.2d 181 (Fla. 1st DCA 1973), aff’d as modified, 291 So.2d 199 (Fla.1974). Likewise, where no physical or financial injury has been inflicted, nominal damages are appropriate. Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla.1977); Hutchison v. Tompkins, 259 So.2d 129 (Fla.1972); Tampa Electric Co. v. Ferguson, 96 Fla. 375, 118 So. 211 (1928); King v. Saucier, 356 So.2d 930 (Fla.2d DCA 1978).
Sub judice, the foregoing statutes, rules and tariffs did not impose a duty on Western Electric but did create a duty for the benefit of the telephone company’s customers. Upon Southern Bell’s alleged violation thereof a cause of action accrued to appellants.
The majority says that the “ ‘breach of statute tort’ was neither pled nor tried by consent.” I agree that it was never pled, but disagree that it was not tried by implied consent as provided by Florida Rule of Civil Procedure 1.190(b). At the charge conference counsel for Southern Bell did not object to proposed instructions for a recovery based on negligent violation of statute.[3] In fact it appears that the objection for inadequate pleading was not raised until post trial motions.[4]
The jury, after instruction on compensatory damages, both actual and nominal, chose to award what they believed to be the actual damages sustained. Since the record does not support a finding of actual com *4 pensatory damages and the jury did not make a finding of nominal damages, there is no compensatory damage basis in the record necessary to support the award of punitive damages. Tennant v. Vazquez, 389 So.2d 1183 (Fla.2d DCA 1980); American Motorcycle Institute v. Mitchell, 380 So.2d 452 (Fla. 5th DCA 1980); Sonson v. Nelson, 357 So.2d 747 (Fla.3d DCA 1978), cert. denied, 364 So.2d 889 (Fla.1978), cert. denied, 364 So.2d 891 (Fla.1978). See Lassitter v. International Union of Operating Engineers, supra.
On the basis of the above, I would affirm the order and final judgment in all respects except as to Brooks’ claim for damages as a result of Southern Bell’s alleged violation of statutes, rules and tariffs. On said claim I would order a new trial on both liability and damages. See Section 59.35, Florida Statutes (1979). Had the majority agreed with me, on remand the trial court would have been able to consider any motions to amend the pleadings in accordance with Florida Rule of Civil Procedure 1.190. Grady v. Grady, 395 So.2d 643 (Fla. 4th DCA 1981); Florida Air Conditioners, Inc. v. Colonial Supply Co., 390 So.2d 174 (Fla. 5th DCA 1980).
Accordingly, I would affirm in part, reverse in part and remand.

. Since both appellants will stand or fall on the same legal principles, hereinafter they will be referred to as “Brooks.”

. deJesus v. Seaboard Coast Line R.R., 281 So.2d 198 (Fla.1973), is recognized as the leading authority in Florida for this proposition. That case held that based on the purpose of the statute, a violation thereof could result in strict liability, negligence per se, or prima facie evidence of negligence.

. Counsel’s only objection was to the sufficiency of the evidence to support such a claim. By making that objection coupled with failing to object on the inadequacies of the pleadings, Southern Bell tacitly consented and recognized that this tort was being tried.

.Contrary to the majority, I do not believe that the trial court’s silence on the trial by consent issue in the order granting post trial judgment for directed verdict can be construed as anything but its failure to rule on the issue.