HERSEY, Chief Judge.
The trial court directed a verdict, taking appellant D’Angelo’s slip and fall case away from the jury.
We are reminded by appellant that:
On a motion for directed verdict, the court must view the evidence adduced and every conclusion therefrom in a light *128 most favorable to the nonmoving party,, resolving every conflict and inference for that party. This is the test at the trial level, as well as the standard of review at the appellate level.
Reams v. Vaughn, 435 So.2d 879, 880 (Fla. 5th DCA 1983) (citation omitted).
The testimony tends to show that appellant tripped over a thin, silver-colored, knee-high link chain, falling on her left side. The chain had apparently been placed across an aisle at a cash register to indicate that the aisle was not open for business.
The trial judge is not permitted to determine matters of witnesses’ credibility or to weigh the evidence. Lupoletti v. Miller, 269 So.2d 67 (Fla. 4th DCA 1972). In doing so here there was an impermissible invasion of the province of the jury.
The cause of appellant’s fall and whether there was a breach by appellee of its duty of care to store customers are properly jury questions. We therefore reverse.
REVERSED AND REMANDED.
GLICKSTEIN and WALDEN, JJ., concur.