# Third District Court of Appeal

## State of Florida

Opinion filed October 30, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1472
Lower Tribunal No. 20-2305
_____

## The River Front Master Association, Inc.,
Appellant,

vs.

## North Investment Group, LLC, et al.,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Fowler White Burnett, P.A., and Esther E. Galicia, for appellant.

Daniels Rodriguez Berkeley Daniels & Cruz, P.A., and Jeremy C. Daniels, Jorge L. Cruz, and Vincent E. Halloran, for appellees.

Before LOGUE, C.J., and LOBREE and BOKOR, JJ.

LOGUE, C.J.

This appeal arises from a lawsuit filed by a commercial condominium unit owner and the unit owner's lessee against the condominium association

regarding the signage allowed on the premises. The association appeals an order allowing the unit owner and the lessee to amend their complaint to seek punitive damages from the association. Because the asserted facts in the record do not rise to the level of outrageous behavior of the sort required to support a claim for punitive damages, we reverse.

## BACKGROUND

The condominium at issue is the mixed-use Ivy Condominium located in downtown Miami. The name of its master condominium association is the River Front Master Association, Inc. The unit owner is North Investment Group, LLC and the unit owner's lessee is CWV Realty Group, LLC. Their claim for punitive damages is based upon the following averments.

The lessee operated a real estate brokerage in the unit. The condominium's declaration allowed commercial unit owners to install signs and display marketing materials, subject to the restrictions imposed by the River Front Architectural Review Board. The Association had allowed the lessee to place on its storefront a large sign displaying its name. The lessee also placed in its storefront window various real estate listings. Later, the Association modified its rules to prevent unit owners from using their front windows as advertising displays. The Association then ordered the lessee to remove its signs. When the lessee did not remove its sign, some entity, not

2

clearly established in this record, removed the sign, and tinted the unit's front windows. As a result, the lessee allegedly experienced a substantial decline in its real estate sales revenue. In their claim for punitive damages the lessee and unit owner assert that the Association was motivated in its actions by the bad intent to benefit the lessee's commercial rival. The trial court granted the lessee and unit owner's joint motion to allege punitive damages.

## **ANALYSIS**

To permit a punitive damages claim, the trial court must find that "the proposed amended complaint states sufficient allegations to plead a proper punitive damages claim." Fed. Ins. Co. v. Perlmutter, 376 So. 3d 24, 32 (Fla. 4th DCA 2023). Once that is done, it must then "determine whether the movant has established a reasonable factual basis for its punitive damages claim consistent with the allegations in the amended complaint." Id.

The allegations and the evidence presented here fall short of supporting a claim for punitive damages. "[P]unitive damages are reserved for truly 'culpable conduct,' . . . 'so outrageous in character, and so extreme in degree . . . [that] the facts [of the case] to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"'" Cleveland Clinic Fla. Health Sys. Nonprofit Corp. v. Oriolo, 357 So. 3d 703, 706 (Fla. 4th DCA 2023) (citations omitted); Hosp.

3

Specialists, P.A. v. Deen, 373 So. 3d 1283, 1288 (Fla. 5th DCA 2023) ("[P]unitive damages are not intended to be compensation for injury but instead 'are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence.'" (citation omitted)). See also W.R. Grace & Co.—Conn v. Waters, 638 So. 2d 502, 503 (Fla. 1994) ("Punitive damages are appropriate when a defendant engages in conduct which is fraudulent, malicious, deliberately violent or oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of others."); Lee Cnty. Bank v. Winson, 444 So. 2d 459, 463 (Fla. 2d DCA 1983) ("Punitive damages may be properly awarded only where a tort involves malice, moral turpitude, or wanton and outrageous disregard of a plaintiff's rights.").

Here, the Association's alleged conduct in changing its aesthetic policy, taking down a business' signs, and tinting windows to prevent violations of that policy, does not shock the conscience. As the Fourth District wrote when denying punitive damages in another context, "[t]he record does not justify elevating this skirmish . . . to the World War II invasion of Normandy." Phoenix Mgmt. Servs., Inc. v. Waterchase Homeowners' Ass'n, Inc., 384 So. 3d 206, 207 (Fla. 4th DCA 2024). Based on the allegations and evidence presented, the normal legal and equitable remedies including the award for damages, issuance of injunctions, and award of attorney's fees are

4

"adequate remedies for the conduct alleged to have occurred in this case."

Id.

Reversed.